193 N.J. Super. 305 (1984)
473 A.2d 982
S.M.Z. CORPORATION, PLAINTIFF-APPELLANT,
v.
DIRECTOR, DIVISION OF TAXATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 7, 1983.
Decided January 11, 1984.
*306 Before Judges ARD, MORTON I. GREENBERG and TRAUTWEIN.
Steven R. Irwin argued the cause for appellant (Mandelbaum & Mandelbaum, attorneys; Steven R. Irwin, on brief).
*307 Harley A. Williams, Deputy Attorney General, argued the cause for respondent (Irwin I. Kimmelman, Attorney General, attorney; James J. Ciancia, Assistant Attorney General, of counsel; Harley A. Williams on brief).
The opinion of the court was delivered by ARD, P.J.A.D.
This is a tax case involving the New Jersey Corporation Business Tax Act, N.J.S.A. 54:10A-1 et seq. Specifically, we are called upon to interpret N.J.S.A. 54:10A-6 and 8 and the administrative code definitions and regulations implementing these sections.
The factual complex is not in dispute. The S.M.Z. Corporation (S.M.Z.) is incorporated under the laws of New Jersey and maintains a statutory place of business in New Jersey. It is a real estate holding company, and all of its property and income is located in New Jersey with the exception of a gasoline station located in the State of New York and, the subject of this controversy, an improved commercial property located on Route 7, Brookfield, Connecticut. S.M.Z. leases the Connecticut property on a net basis, except for property taxes, to Texaco for use as a gasoline station.
On August 31, 1978, defendant, Director, Division of Taxation (director), assessed additional corporation business taxes against S.M.Z. for the years 1973 to 1976. The director determined that S.M.Z. is not authorized to compute its New Jersey Corporation business tax, N.J.S.A. 54:10A-1 et seq., by taking into consideration the Connecticut property and apportioning its income and net worth. S.M.Z. paid the franchise tax under protest and sought refund by filing a timely petition of appeal with the Division of Tax Appeals. The matter was transferred to the tax court pursuant to N.J.S.A. 2A:3A-26. The tax court, in a reported case, upheld the assessment imposed by the director and dismissed S.M.Z.'s complaint. Subsequent to the entry of judgment below, the director filed a motion for an order modifying *308 the trial judge's opinion in which S.M.Z. joined. The motion was denied by letter opinion dated January 5, 1983.
The matter was submitted below on an agreed set of facts.
The parties stipulated the following:
1. Plaintiff is a New Jersey corporation.
2. It maintains a statutory place of business in New Jersey and owns commercial rental property on Route 7, Brookfield, Connecticut, which it leases on a net basis to Texaco for use as a gasoline station.
3. Plaintiff has no regular employees working outside New Jersey, neither does it maintain, occupy or use its Connecticut place of business. Plaintiff has no regular employees working inside New Jersey.
4. All of the plaintiff's property and income is located and generated in New Jersey and Connecticut (with the exception of a small gas station similarly leased on a net basis in the State of New York). Plaintiff is not seeking to allocate with respect to the New York station.
5. S.M.Z. is taxed as an out-of-state corporation by the State of Connecticut under its Corporation Business Tax. Plaintiff on or about January 26, 1981 paid its Connecticut taxes for years 1973 through 1980. Plaintiff contends that during that period and until those taxes were paid, said due and unpaid taxes constituted a lien on its Connecticut property.
6. The Division does not permit plaintiff to allocate because it does not maintain, occupy and use a regular place of business outside New Jersey within the meaning of N.J.S.A. 54:10A-6 as set forth in the assessment letter.
7. The Director, Division of Taxation has held that the adjustment of the allocation factor of N.J.S.A. 54:10A-6 pursuant to N.J.S.A. 54:10A-8 is not justified in this case.
8. If plaintiff is permitted to allocate under New Jersey law, the parties will attempt to arrive at agreed computations pursuant to R. 8:9-3.
9. True copies of plaintiff's 1973 through 1980 Connecticut tax returns are attached hereto.
10. True copies of plaintiff's 1973 through 1976 New Jersey tax returns are attached hereto.
The tax court held that since plaintiff, S.M.Z., does not maintain "a regular place of business" as defined N.J.A.C. 18:7-7.2(a), it does not have an allocation factor pursuant to N.J.S.A. 54:10A-6. S.M.Z. Corp. v. Taxation Div. Director, 5 N.J. Tax 232, 237-238 (Tax Ct. 1982). Thus, since S.M.Z. does not have an allocation factor under Section 6, the director has no authority to make an adjustment under N.J.S.A. 54:10A-8. Id. at 238. Accordingly, the judge of the tax court upheld defendant's assessment and dismissed S.M.Z.'s complaint. A judgment *309 to that effect was entered on November 4, 1982. Subsequent to the entry of the aforementioned judgment, the case took a unique twist. After the director had secured a ruling in his favor on all points, he filed a motion for reconsideration. S.M.Z. joined in that motion. The gravamen of the motion was as follows:
The Director denied S.M.Z.'s request for a Section 8 adjustment below, and continues to believe that this case is inappropriate for a Section 8 adjustment. However, because of a misunderstanding between this office and the Division [of Taxation], defendant argued that plaintiff was not entitled to a Section 8 adjustment, not on the particular facts of this case, but rather on the theory that plaintiff was not entitled to a Section 8 adjustment because Section 8 was not available to a taxpayer unless that taxpayer had the right to allocate under Section 6 of the Act. This argument was advanced in error and the Director believes the argument was incorrect. It is this portion of the Court's opinion that the Director wishes modified for the reasons set forth below. [Footnote omitted.]
In effect, the director sought reconsideration of that portion of the determination below which held that Section 8 was not available to a taxpayer unless that taxpayer had the right to allocate under Section 6 of the act. Apparently the Attorney General, through a misunderstanding, initially argued what he thought was the director's position. After the tax court opinion was rendered, the director communicated with the Attorney General and advised him that the director's position was not as presented to the court below. It is the director's present position, as argued on the motion for reconsideration, that S.M.Z. was not entitled to a Section 8 adjustment on the particular facts of this case. However, the director sought recognition that he has the authority to make a Section 8 adjustment even when 100% of a taxpayer's income and net worth is allocated to New Jersey under Section 6.
As indicated, the tax court, in a letter opinion, denied the motion for reconsideration and held, "... that there shall be no allocation to a company that does not have a regular place of business outside the State of New Jersey." This appeal followed. S.M.Z. argues that the determination below was in error in holding that S.M.Z. does not maintain a regular place of *310 business in Connecticut; in concluding that the subject franchise tax imposed upon a corporation organized under the laws of New Jersey, even though that tax is in part measured by property held, and by income generated in another state, does not violate the due process and equal protection clause of the Fourteenth Amendment and the commerce clause, and in failing to recognize that this case may well be appropriate for a Section 8 adjustment.
The New Jersey Corporation Business Tax Act, N.J.S.A. 54:10A-1 et seq., imposes a tax on:
Every domestic or foreign corporation which is not hereinafter exempted ..., for the privilege of having or exercising its corporate franchise in this State, or for the privilege of doing business, employing or owning capital or property, or maintaining an office, in this State.... [N.J.S.A. 54:10A-2.]
In other words, the tax may be imposed upon a corporation incorporated under the law of this State for the mere possession of the privilege of having its corporate franchise. N.J.A.C. 18:7-1.6(a)(1), 1.7 and 2.1. Accord Hoeganaes Corp. v. Dir. of Div. of Tax, 145 N.J. Super. 352, 354-355 (App.Div. 1976).
The tax is measured by the corporation's net worth and net income allocable to New Jersey. N.J.S.A. 54:10A-5; N.J.A.C. 18:7-1.1(a)(1). The legislative formula for determining what portion of a corporation's net income and net worth shall be allocated within and without New Jersey for the purpose of measuring the tax under Section 5, is set forth in N.J.S.A. 54:10A-6 which provides:
In the case of a taxpayer which maintains a regular place of business outside this State other than a statutory office, the portion of its entire net worth to be used as a measure of the tax imposed by section 5(a) of this act, and the portion of its entire net income to be used as a measure of the tax imposed by section 5(c) of this act, shall be determined by multiplying such entire net worth and entire net income, respectively, by an allocation factor which shall be the average of the fractions computed in (A), (B) and (C) below, or of so many of them as may be applicable, that is:
(A) The average value of the taxpayer's real and tangible personal property within the State during the period covered by its report divided by the average value of all the taxpayer's real and tangible personal property wherever situated during such period; provided, however, that for the purpose of determining average value, the provisions with respect to depreciation as set forth in *311 paragraph 2(F) of subsection (k) of section 4 of P.L. 1945, c. 162 (C. 54:10A-4) shall be taken into account for arriving at such value.
(B) The receipts of the taxpayer, computed on the cash or accrual basis according to the method of accounting used in the computation of its net income for federal tax purposes, arising during such period from
(1) sales of its tangible personal property located within this State at the time of the receipt of or appropriation to the orders where shipments are made to points within this State,
(2) sales of tangible personal property located without the State at the time of the receipt of or appropriation to the orders where shipment is made to points within the State,
(3) (Deleted by amendment.)
(4) services performed within the State,
(5) rentals from property situated, and royalties from the use of patents or copyrights, within this State,
(6) all other business receipts (excluding dividends excluded from entire net income by subsection (k)(1) of section 4 hereof) earned within the State, divided by the total amount of the taxpayer's receipts, similarly computed, arising during such period from all sales of its tangible personal property, services, rentals, royalties and all other business receipts, whether within or without the State.
For the purposes of this section, receipts shall not include any sum or sums of money received in payment for gas or electric energy sold to a public utility subject to taxation pursuant to P.L. 1940, c. 5 (C. 54:30A-49 et seq.) for resale to ratepayers of the public utility.
(C) The total wages, salaries and other personal service compensation, similarly computed, during such period of officers and employees within the State divided by the total wages, salaries and other personal service compensation, similarly computed, during such period of all the taxpayer's officers and employees within and without the State.
In the case of a taxpayer which does not maintain a regular place of business outside this State other than a statutory office, the allocation factor shall be 100%. [Footnotes omitted.]
A plain reading of N.J.S.A. 54:10A-6 reveals that the determination of the "allocation factor" of a corporation's net income and net worth within and without New Jersey depends upon whether the taxpayer, "... maintains a regular place of business outside this State other than a statutory office, ...."
Thus, if a taxpayer does, "... maintain a regular place of business outside this State other than a statutory office, ..." this section essentially allocates a corporation's net worth and net income between New Jersey and other states depending upon their respective shares of corporate net receipts, property *312 and payroll. N.J.S.A. 54:10A-6; see F.W. Woolworth Co. v. Director of Div. of Tax, 45 N.J. 466, 474-476 (1965) (analysis of the operation of Sections 5, 6 and 8).
However, "[i]n the case of a taxpayer which does not maintain a regular place of business outside this State other than a statutory office, ..." Section 6 provides, without computation, that, "... the allocation factor shall be 100%." Thus, the clear legislative purpose in enacting Section 6 is to provide a means of determining the "allocation factor" of corporations for the purpose of computing the tax under Section 5. In the case of a corporation, "... which does not maintain a regular place of business outside this State other than a statutory office, ..." all of its net income and net worth are taxable under Section 5. N.J.S.A. 54:10A-6.[1] The term "`[a]llocation factor' means the *313 proportionate part of a taxpayer's entire net worth or net income used to determine a measure of its tax under the Act." N.J.A.C. 18:7-7.4.
The term "regular place of business" is defined in N.J.A.C. 18:7-7.2, which provides:
(a) A regular place of business is any bona fide office (other than a statutory office), factory, warehouse, or other space of the taxpayer which is regularly maintained, occupied and used by the taxpayer in carrying on its business and in which one or more regular employees are in attendance.
1. Where, as a regular course of business, property of the taxpayer is stored by it in a public warehouse in another state until it is shipped to customers, such warehouse is not considered a regular place of business of the taxpayer;
2. Also where, as a regular course of business, raw material or partially finished goods of a taxpayer are delivered to an independent contractor in another state to be converted, processed, finished or improved, and the finished goods remain in the possession of the independent contractor until shipped to customers, the plant of such independent contractor is not considered a regular place of business of the taxpayer.
(b) A taxpayer does not have a regular place of business outside New Jersey solely by consigning goods to an independent factor outside New Jersey for sale at the direction of either the consignor or consignee.
Having set the parameters, we can now address the central issue raised in this appeal, i.e., whether S.M.Z. "... maintains a regular place of business outside this State other than a statutory office, ..." within the meaning of N.J.S.A. 54:10A-6 and N.J.A.C. 18:7-7.2. The resolution of this question is essential since the answer will determine the "allocation factor" or, to paraphrase, the proportionate part of S.M.Z.'s entire net worth or net income used to determine a measure of its tax under Section 5.
The court below held that S.M.Z. failed to meet the objective criteria set forth in N.J.A.C. 18:7-7.2(a), and as such, *314 did not maintain a regular place of business outside of this State. S.M.Z. Corp., supra, 5 N.J. Tax at 237. S.M.Z. argues that the ownership of property in Connecticut which it leases on a net lease basis constitutes the maintenance of a regular place of business. Clearly, this argument is without merit. It is uncontradicted that S.M.Z.'s only contact with Connecticut is property it leases to Texaco. S.M.Z. has no office or other space, or the accoutrements thereof, which is regularly maintained, occupied or used by it in carrying out its business. Moreover, S.M.Z. stipulated that it had no regular employees working outside of New Jersey. Unquestionably, the court below properly held that appellant does not maintain a regular place of business outside of this State within the meaning of N.J.A.C. 18:7-7.2(a). Appellant's reliance on the dissenting opinion of Judge Matthews in Hoeganaes Corp. v. Taxation Div. Director, supra, 145 N.J. Super. at 362-363, is misplaced. In Hoeganaes, we construed the phrase, "maintain a regular place of business outside this State" within N.J.S.A. 54:10A-6 and N.J.A.C. 18:7-7.2(a), in rejecting the taxpayer's attempt to allocate its income and net worth to states in which it employed resident full-time salesmen. Id. at 359-362. We specifically rejected the taxpayer's argument that spaces devoted by its salesmen in their homes to the work performed for taxpayer constituted a regular place of business outside this state. Id. at 359. In that case, it was noteworthy that the taxpayer rented no space from its salesman, did not have regular employees in attendance at the alleged offices during normal working hours, and had virtually no control over the furnishing, decorating, location, size, selection or upkeep of the alleged office. Id. at 356-358.
Thus, we held that:
In the ordinary and well understood meaning of the regulation the engineers' offices are not regularly maintained, occupied and used by the taxpayer.
....
A regulation, like a statute, of necessity must be general. The drafters could not possibly anticipate every factual situation. Therefore, because they did not *315 specify that the rent must be paid by the taxpayer or that the taxpayer must own the premises is not of any moment. The language sufficiently conveys to the reader a concept which covers the situation sufficiently  "regularly maintained" and "occupied and used by the taxpayer" and "regular employees in attendance" imply a place which to the ordinary person is more than a location where an employee writes up reports in his own home. [Id. at 359-360.]
In the instant case, S.M.Z. merely leases a gasoline station, on a net lease basis, to a tenant and does not maintain a regular place of business in Connecticut within the meaning of N.J.S.A. 54:10A-6 and N.J.A.C. 18:7-7.2(a). Accordingly, pursuant to N.J.S.A. 54:10A-6, S.M.Z.'s "allocation factor" is 100%. To that extent, the ruling below was correct. However, the court below erred in denying appellant's request for an adjustment under N.J.S.A. 54:10A-8. The court stated:
... The statute authorizes the Commissioner (now the Director) to adjust the § 6 allocation factor if he believes it does not properly reflect the corporation's activities. This necessarily presupposes that there is a § 6 allocation factor. As previously shown, S.M.Z. did not qualify for an allocation factor under N.J.S.A. 54:10A-6 and N.J.A.C. 18:7-7.2(a). The authority given the Director under N.J.S.A. 54:10A-8 was to adjust an allocation factor and not to create one not otherwise available. [S.M.Z. Corp., supra, 5 N.J. Tax at 238.]
We are satisfied the holding of the court below in this regard is erroneous and contrary to the legislative intent and purpose of the act. N.J.S.A. 54:10A-8 provides:
If it shall appear to the commissioner that an allocation factor determined pursuant to section 6 does not properly reflect the activity, business, receipts, capital, entire net worth or entire net income of a taxpayer reasonably attributable to the State, he may adjust it by:
(a) excluding one or more of the factors therein;
(b) including one or more other factors, such as expenses, purchases, contract values (minus subcontract values);
(c) excluding one or more assets in computing entire net worth; or
(d) excluding one or more assets in computing an allocation percentage; or
(e) applying any other similar or different method calculated to effect a fair and proper allocation of the entire net income and the entire net worth reasonably attributable to the State.
The regulation that deals with Section 8 adjustments is N.J.A.C. 18:7-10.1, which provides:
(a) Generally, the allocation formula described in this chapter will result in a fair apportionment of the taxpayer's net worth and net income within and without New Jersey. However, experience in this and other states which impose *316 similar franchise taxes has shown that due to the nature of certain businesses the formula may work hardships in some cases, and not do justice either to the taxpayer or the State. Accordingly, provision is made in such cases for the Director to use some other formula which will more accurately reflect the business activity within New Jersey.
(b) Section 8 of the Act provides that where it shall appear to the Director that the business allocation factor, determined pursuant to Section 6 of the Act, does not properly reflect the activity, business, receipts, capital, entire net worth or entire net income of a taxpayer reasonably attributable to New Jersey, he may in his discretion adjust the business allocation factor by:
1. Excluding one or more of the fractions therein;
2. Including one or more other elements, such as expenses, purchases, contract values (minus subcontract values);
3. Excluding one or more assets in computing entire net worth;
4. Excluding one or more assets in computing an allocation factor; or
5. Applying any other similar or different method calculated to effect a fair and proper allocation of the entire net income and the entire net worth reasonably attributable to the State.
(c) Adjustment of the business allocation factor may be made by the Director upon his own initiative or upon request of a taxpayer.
1. No taxpayer may vary the regular statutory formula without the prior consent of the Director.
2. A taxpayer making application for an adjustment of its business allocation factor must file its return and compute and pay its tax in accordance with the regular statutory formula.
3. The taxpayer must also attach a rider to the return setting forth in full the data on which its application is based, together with a computation of the amount of tax which would be due under the proposed method.
A plain reading of the legislation and regulation reveals that the Commissioner may, in his discretion, adjust "... an allocation factor determined pursuant to Section 6 [if] it does not properly reflect the activity, business, receipts, capital, entire net worth or entire net income of a taxpayer reasonably attributable to the State, ...." (Emphasis supplied).
Since we have determined that the appellant does have an allocation factor determined pursuant to Section 6 of 100%, the director may, in his discretion, make a Section 8 adjustment. The fact that S.M.Z. does not, "... maintain a regular place of business outside this State other than a statutory office, ..." is not such as to limit and indeed prevent the Commissioner from exercising his discretion to make a Section 8 adjustment.
*317 We believe that this reading of the statute is supported by its legislative history. In F.W. Woolworth Co. v. Director of Div. of Tax, supra, 45 N.J. at 497-498, our Supreme Court said:
The 1945 corporation business tax law was proposed in the report of the legislative Commission on Taxation of Intangible Personal Property made in that year. In discussing the matter of allocation formulas and proposing the original form of section 8 (the original statute taxed only net worth), the report had this to say:
In order to prevent unfair or even unconstitutional results in given cases, the rigidity of the allocation formulas is relieved by a provision authorizing the tax director to adjust the amount of allocable net worth upon the showing of an inequitable result under the formula. It is believed that such a provision is necessary under the decisions of the United States Supreme Court. Hans Rees' Sons, Inc. v. North Carolina, ex rel. Maxwell, 283 U.S. 123, 51 Sup.Ct. 385 [75 L.Ed. 879] (1931). (at p. 79)
It is undeniably clear that our Legislature enacted Section 8 to serve as a "safety valve" in cases where the "allocation factor" determined under Section 6 may produce an unconstitutional result. As the director correctly states:
... That safety valve is necessary even in cases in which, under the statute and regulations, a taxpayer lacks a regular place of business outside of New Jersey. Even in such cases there could be situations in which refusing a corporation the right to allocate a portion of its income and net worth to another state in which it does business would violate either the Commerce Clause or the Due Process Clause. In such cases, therefore, the Legislature has made Section 8 available to the Director to make appropriate adjustments.
The aforementioned purpose of Section 8 was recognized by our Supreme Court in F.W. Woolworth Co. v. Taxation Div. Director, supra. In F.W. Woolworth Co., the Supreme Court held Section 8 authorizes the director to consider a taxpayer's request for adjustment not only, "... when a showing is made that the formula when strictly applied results in such a palpable misapportionment as to produce an unconstitutional result," but also, "... on claims of unfairness which do not attain constitutional dimensions." Id. at 497.
Although the Supreme Court did not directly deal with the question of the availability of Section 8 to corporations not having a regular place of business outside the State, the above mentioned rule declared by the Supreme Court in F.W. Woolworth *318 Co. should apply equally to corporations not having a regular place of business outside this State. The Legislature in enacting Section 8 did not draw a distinction in its availability between corporations which maintain a regular place of business outside this State and corporations which do not. As such, the courts should not engrave one especially, when to do so, would clearly frustrate the legislative intent in its enactment.
The tax court's reliance on N.J.A.C. 18:7-7.1, 7.3 and 7.4, as well as N.J.A.C. 18:7-8.3[2] is misplaced. With the exception of the latter, all of the former regulations amplify and clarify a taxpayer's right to allocate under Section 6 and not the right to adjustment under Section 8. We do not read N.J.A.C. 18:7-8.3 as preventing the director to exercise its discretion in making a Section 8 adjustment. A contrary interpretation would, to the above-stated extent, render it invalid. Campbell v. Dept. of Civil Service, 39 N.J. 556, 562 (1963).
In light of our determination, we need not address the constitutional arguments presented by appellant. They are rendered moot. The opinion of the tax court is reversed to the extent it held that the director is not authorized to make a Section 8 adjustment unless a taxpayer allocates a portion of its income and net worth to another state. The matter is remanded to the director, Division of Taxation. Since the respondent in his brief "... now believes that this case may well be appropriate for a Section 8 adjustment," subsequent action by the director may render the case moot. We do not retain jurisdiction.
Reversed and remanded.
NOTES
[1] N.J.S.A. 54:10A-6 is generally restated in N.J.A.C. 18:7-7.1, which provides:

(a) No corporation, foreign or domestic (other than a taxpayer entitled and electing to report as an investment company or regulated investment company) is entitled to allocate any part of its entire net worth or entire net income outside New Jersey unless during the period covered by the return it maintained a regular place of business outside the State.
(b) In the absence of a regular place of business, 100 per cent of its entire net worth and entire net income must be allocated to New Jersey.
(c) The mere ownership of assets outside New Jersey does not constitute a basis for allocating less than 100 per cent of the taxpayer's entire net worth of entire net income to New Jersey.
and, N.J.A.C. 18:7-8.1, which provides:
(a) The business allocation factor is computed on the basis of the average percentage resulting from the following three fractions:
1. Average value of real and tangible personal property in New Jersey over the average value of such property both within and without New Jersey (this is usually referred to as the property fraction);
2. Receipts allocable to New Jersey over receipts both within and without New Jersey (this is usually referred to as the receipts fraction);
3. Payrolls allocable to New Jersey over payrolls within and without New Jersey (this is usually referred to as the payroll fraction).
(b) The business allocation factor is computed by adding together the percentages derived from the foregoing three fractions for the period covered by the return, and dividing the total of the percentages by three.
(c) However, if one of the fractions (property, receipts or payroll) is missing, the other two percentages are added and the sum is divided by two, and if two of the fractions are missing, the remaining percentage may be used as the business allocation factor. A fraction is not missing merely because its numerator is zero, but it is missing if both its numerator and its denominator are zero.
[2] N.J.A.C. 18:7-8.3 provides:

If it appears that the business allocation factor computed on the basis of all or any of the property-receipts-payroll fractions does not properly reflect the activity, business, receipts, capital, entire net worth or entire net income of the taxpayer in New Jersey, the Director may adjust or the taxpayer may request an adjustment of the business allocation factor.